E-FILED
Monday, 06 February, 2023  03:52:59 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KEITH HILL,                              )
    Plaintiff,                           )
                                         )
    vs.                                  )          Case No. 22-4169
                                         )
STA WEIR,                                )
    Defendants                           )

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

The *pro se* Plaintiff is detained at the Rushville Treatment and Detention Center and seeks leave to proceed *in forma pauperis.* [3].

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972).

Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough

1

facts must be provided to "'state a claim for relief that is plausible on its face.'"

*Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## I. ALLEGATIONS

Plaintiff's complaint identifies five Defendants including Rushville Security Therapy Aides (STA) Weir and Baptiste, Doctors Sheldon and Lodge, and Security Director William Epperson. Plaintiff says he is suing the Defendants in their individual and official capacities. The following information is from Plaintiff's chronology of events and his attached exhibits.

On December 13, 2021, Plaintiff submitted an Attempt to Resolve (ATR) to Defendants Dr. Lodge and Security Director Epperson concerning his mental health issues and thoughts of harming himself. Plaintiff attributed his problems to roommates who harassed him and his stay in a room with no electrical outlets.

Defendant Lodge came to see Plaintiff, but Plaintiff says the Defendant did not take his concerns seriously. Plaintiff says he remained in a room without outlets for approximately two months before the Defendant moved him. In addition, Defendant Lodge continued to assign Plaintiff to rooms "with sex offenders even though she knew how it was affecting my mental health because I personally wrote to her explaining how." (Comp., p. 3). Plaintiff adds both Defendant Lodge and Epperson had the power to move him to a single room.

Plaintiff has provided a copy of an ATR response dated December 14, 2021, which indicates Plaintiff has had ample opportunity to return to mental health treatment, but he did not. "(Plaintiff) has also never asked to speak with anyone from

the team about his mental health. Resident's team leader spoke with resident recently about his issues." (Comp., 1-1, p. 26)

A second ATR response is dated December 15, 2021:

> Resident's Treatment Team contacted who reports they spoke with (Plaintiff) who denies any intent to harm himself or others, and acknowledged making threatening statements in order to "get somebody down here." (Plaintiff) wants a single room and threatening to harm a roommate to try and force the issue. Resident to use the proper procedure to find a roommate. This complaint was deemed a non-emergency. (Comp., 1-1, p 4).

On January 12, 2022, Plaintiff says he tried to hang himself with a bedsheet. STA Weir and STA Baptiste then entered Plaintiff's room and removed the bedsheet.  They asked Plaintiff what was wrong, but he says he was unable to respond.  The STAs left the room and STA Baptiste returned with a nurse.  Plaintiff asked to be moved to suicide watch, but no action was taken, and Plaintiff claims he was left in the room with the bedsheet.

Plaintiff continued to press his intercom button and asked to move to suicide watch.  Staff contacted Defendant Dr. Lodge, who sent therapist Dr. Sheldon to his room. Plaintiff again asked to move to suicide watch, but Defendant Dr. Sheldon said she did not have the authority to move him.  Nonetheless, the Defendant informed Plaintiff that neither she, nor Defendant Lodge thought a moved was appropriate. After Defendant Sheldon left, Plaintiff says he tried to hand himself again.   Two nonparty STA's entered his sell, and Plaintiff was placed on mental health status.

A January 14, 2022 staff response states "security and treatment teams contacted. Resident had two mental health assessments on Wednesday, 1/12/22 with the second one resulting in a mental health placement." (Comp., 1-1, p. 6).

Plaintiff says he request medical care, but a nurse did not come until 19 days later. A staff response to Plaintiff's ATR notes Health Care Administration was notified of Plaintiff's claims and he "had contact with nursing staff multiple times – never complaining of neck pai or hurting neck.  (Nurse) Hosan saw resident on 1/32/22 and reports resident had full range of neck motion. Resident denied attempting to hang himself and said he was simply 'doing something.'"(Comp., 1-1 p. 10).

Plaintiff says he asked staff to preserve video footage from January 12, 2022, but no action was taken.  A staff response advised Plaintiff he needed to be more specific in his request identifying the specific day, time, and event of his request. (Comp., 1-1, p. 12, 14).

On February 7, 2022, Plaintiff asked to be moved to a room with electrical outlets so he could watch TV and listen to music.  Plaintiff was moved a few days later. An ATR staff response on February 10, 2022, states a "room became available – resident moved to a room with an electrical outlet." (Comp., 1-1, p. 18).

Plaintiff says Defendant Dr. Lodge continued to refuse to move him to a single room despite his written requests.  On November 11, 2022, Plaintiff was placed in a room with a "homosexual who was convicted of rape," and Plaintiff claims the roommate was sexually harassing him. (Comp., p. 7).  Plaintiff says he threatened to beat

his roommate if he did not back off.  Plaintiff adds he would rather kill himself ant hurt

or kill another resident.

Plaintiff specifically wrote these threats in his ATR which was submitted at

Rushville on February 11, 2022, also advising staff "blood can be on your fucking

hands!!" (Comp., 1-1, p. 21, 22).

Staff provided a written ATR response on February 18, 2022.

Resident sent to the Behavior Committee for making threats of bodily
harm and murder after being told he was moving and would have
a roommate and advised who that roommate would be. Resident was
found guilty of threats and intimidation, a major violation. Resident
expected to accept his room assignment and use the proper
procedure if wanting to move." (Comp., 1-1, p. 24).

## II. ANALYSIS

Plaintiff says all named Defendants were deliberately indifferent to his serious

mental health condition. Plaintiff further claims the Defendants failed to protect him

from self-harm and sexual harassment.  Finally, Plaintiff claims he was kept in a room

for two months without electrical outlets.

Plaintiff is a civil detainee rather than convicted prisoner, so his claims pursuant

to 42 U.S.C. §1983 are reviewed under the Due Process Clause of the Fourteenth

Amendment, rather than the Eighth Amendment. *Smego v. Payne*, 469 Fed.Appx. 470,

474 (7th Cir. 2012). To demonstrate a constitutional violation, Plaintiff must show: (1)

the complained of conditions were objectively serious; (2) the defendant "acted

purposefully, knowingly, or perhaps even recklessly;" and (3) the defendant's conduct

was objectively unreasonable. *Miranda*, 900 F.3d at 353-54; *see also Kemp v. Fulton County*, 27 F.4th 491, 495 (7th Cir. 2022).

"For a condition to be 'sufficiently serious,' it must result in a 'denial of the minimal civilized measure of life's necessities' such as a denial of a basic human need including food, medical care, sanitation, or physical safety." *Arringon v. Donathan*, 2022 WL 4466714, at *2 (C.D.Ill. Sept. 26, 2022), *quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Mays v. Dart*, 453 F.Supp.3d 1074, 1091 (N.D. Ill. April 9, 2020).

Plaintiff claims his living conditions violate this standard, but the fact that Plaintiff was placed in a room without electrical outlets for approximately two months is not an objectively serious condition.   Plaintiff does not indicate he was confined to his room throughout the day or was denied access to a common area with a television or electrical outlets.

As for Plaintiff's claim concerning his mental health condition, he has failed to articulate a claim against any Defendant based on the events on December 13, 2021. Defendant Dr. Lodge responded in person to Plaintiff's concerns about his mental health. In addition, the evidence submitted by Plaintiff indicates he was previously offered mental health care, but he repeatedly failed to follow up. Plaintiff further admitted he made threats to obtain a single room.

Defendant Lodge also informed Plaintiff of the appropriate process to obtain a different room.  The Court notes Plaintiff is civilly committed to Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*.  Therefore, any roommate would be a sex offender.

Finally, Plaintiff has not alleged Defendant Epperson had any personally involvement in his claim. *See Rasho v. Elyea*, 856 F.3d 469, 478 (7th Cir. 2017). Plaintiff may have submitted an ATR, but there is no allegation this Defendant received it or responded to it.

As for the events of January 14, 2022, Plaintiff claims defendants' response to his pleas for a suicide watch room were objectively unreasonable. This standard requires courts to focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *McCann v. Ogle Cty., Ill.*, 909 F.3d 881, 886 (7th Cir. 2018).

The record Plaintiff has provided indicates the STAs immediately entered his room, and then notified both medical and mental health staff. Both a nurse and a therapist met with Plaintiff. In addition, Plaintiff later informed staff he was not trying to harm himself.

Plaintiff believes he should have been moved more quickly to a mental health room, but the record does not suggest Plaintiff suffered any harm based on this delay. As noted, Plaintiff had the opportunity to meet with medical and mental health staff. In addition, he subsequently had frequent contact with medical staff, but did not complain of any injury to his neck, and he denied trying to hang himself.

Finally, Plaintiff complains he was placed in a room with a sexual offender on November 11, 2022 who was sexually harassing him. Nonetheless, Defendant Lodge still refused to move him even though he threatened to assault his roommate. Plaintiff

was disciplined based on his comments.   As noted, any roommate at Rushville is a convicted sex offender including Plaintiff. Further, Plaintiff does not have a constitutional right to a single room based on his belief that he should not be housed with a sexual offender.

Plaintiff's claim alleging Defendants failed to protect him from sexual harassment is too vague to put either the Court or Defendants on notice of his claims. Plaintiff does not identify when or where this occurred, who was involved, who he notified, or what response he received.

For the stated reasons, Plaintiff's complaint is dismissed for failure to articulate a claim upon which relief can be granted.  If Plaintiff believes he can articulate a claim, he may file an amended complaint within 21 days.

### III. MOTION FOR INJUNCTIVE RELIEF

Plaintiff has filed a motion for a preliminary injunction asking the Court to order Defendants to place him in a single room. [4]. "To obtain a preliminary injunction, the moving party must show that its case has 'some likelihood of success on the merits' and that it has 'no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied.'" *Stuller, Inc. v. Steak N Shake Enter., Inc.,* 695 F.3d 676, 678 (7th Cir. 2012), *quoting Ezell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011).

If the moving party meets these threshold requirements, the district court "must consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied." *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001).

The district court must also consider the public's interest in an injunction. *Id.*

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

In addition, the purpose of a preliminary injunction is to maintain the *status quo* pending the resolution of the merits of a case. *Jordan v. Wolke,* 593 F.2d 772, 774 (7th Cir.1978). Plaintiff instead seeks a mandatory injunction compelling the Defendants to take affirmative action by moving him to a single room.  Mandatory preliminary injunctions "are ordinarily cautiously viewed and sparingly issued." *Mays,* 974 F.3d at 818 (quotation and citation omitted); *see Knox v. Shearing*, 637 F. Appx 226, 228 (7th Cir. 2016) (same); *see also W.A. Mack, Inc. v. Gen. Motors Corp.*, 260 F.2d 886, 890 (7th Cir. 1958) ("mandatory injunctions are rarely issued … except upon the clearest equitable grounds")(quotation marks and citation omitted).  A "preliminary injunction that would give the movant substantially all the relief he seeks is disfavored, and courts have imposed a higher burden on a movant in such cases." *Boucher v. School Bd. of School Dist. of Greenfield*, 134 F.3d 821, 827 (7th Cir. 1998); *see also Money v. Pritzker*, 453 F.Supp.3d 1103, 1117 (N.D.Ill. April 10, 2020).

Plaintiff has failed to meet his burden.  Plaintiff has not demonstrated his claims have some likelihood of success on the merits as he has not articulated a violation of his constitutional rights, and his exhibits do not support his allegations.

The Plaintiff makes concerning claims in his complaint concerning the safety of his roommates and his own thoughts of self-harm.  However, the events occurred more

than a year ago and it is clear from his exhibits Defendants are aware of his threats and responded.  Plaintiff also has continued access to mental health services.

IT IS THEREFORE ORDERED:

1) Plaintiff's Petition to Proceed In Forma Pauperis is DENIED with leave to renew [3].

2)  The complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.

3) Plaintiff's Motion for a Preliminary Injunction is DENIED [4].

4) If Plaintiff believes he can cure the deficiencies noted in his complaint, he may file an amended complaint on or before February 28, 2023. The pleading must be titled "Amended Complaint" and must include all claims and Defendants without reference to the initial complaint. Failure to file an amended complaint by the deadline will result in the dismissal of this case for failure to state a claim.

5) The Clerk of the Court is directed to reset the internal merit review deadline within 21 days of this order.

ENTERED this 6th day of February, 2023.


s/ James E. Shadid


_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE